UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16CR217 AGF |
| | ) | |
| CLYDE THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

On February 10, 2022, Defendant Clyde Thomas, Jr. came before the undersigned for a preliminary supervised release revocation hearing and detention hearing on a Petition filed by the U.S. Probation Office seeking revocation of his supervised release.

Defendant appeared with counsel and being advised by the Court of his legal right to a preliminary supervised release revocation hearing, Defendant knowingly and voluntarily waived his right to a preliminary hearing.

At the initial appearance, defendant made an oral motion to be released pending the final revocation hearing, and the United States moved for detention, both orally and in writing. *See* Docs. 157& 166. Pursuant to Fed. R. Crim. P. 46(d),

1

Rule 32.1(a)(6) governs release pending a final supervised release revocation hearing.   Fed. R. Crim. P. 32.1(a)(6) authorizes a magistrate judge to release or detain a person arrested for a supervised release violation pursuant to 18 U.S.C. §3143(a), which requires that defendant show by "clear and convincing evidence" that he will not flee or pose a danger to any other person or the community. Absent such a showing, Defendant must be detained.   18 U.S.C. § 3143(a).

I have carefully considered the entire record including the facts contained in the Petition for revocation, the written pretrial services reports filed on February 11, 2022 (Doc. 164), other evidence proffered by both parties, and the arguments of counsel at the detention hearing. After carefully considering the entire record, I find that Defendant has failed to demonstrate by clear and convincing evidence that he will not flee or pose a danger to the community if released.

Accordingly,

**IT IS HEREBY ORDERED** that there is probable cause to believe Defendant violated conditions of his supervised release and, pursuant to Fed. R. Crim. P. 32.1(b)(1)(A), Defendant is held to appear for a final supervised release revocation hearing, which has been scheduled by separate order before the **Honorable Audrey G. Fleissig on March 9, 2022, at 2:00 p.m.**

**IT IS FURTHER ORDERED** that Defendant's Oral Motion for Pre-hearing Release (Doc. 158) is **DENIED,** and the United States' Oral and Written Motion for Pre-hearing Detention (Docs. 157 & 166) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant be detained pending the final supervised release revocation hearing and be allowed reasonable opportunity for consultation with counsel and with defense counsel's retained investigator, paralegal, or other retained expert consultant, including persons retained to conduct physical or psychological examinations.

**IT IS FURTHER ORDERED** that on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: February 24, 2022.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JU