# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender:   Clyde Anthony Thomas, Jr.            Docket No.: 4:16CR00217-2 AGF

Name of Sentencing Judicial Officer: The Honorable Audrey G. Fleissig
United States District Judge

Date of Original Sentence: October 2, 2017

Original Offense: Count 2:  Felon in Possession of a Firearm

Original Sentence: Time served imprisonment to run consecutive to the sentence imposed under Docket No. 1422-CR02450-01, Circuit Court, St. Louis, Missouri, and concurrent with any sentence imposed under Docket No. 15SL-CR04144-01, Circuit Court, St. Louis County, Missouri; and 2 years supervised release. On June 8, 2020, supervision was revoked, and offender was sentenced to time served imprisonment and 24 months supervised release.

Type of Supervision: Supervised Release            Date Supervision Commenced: June 8, 2020
                                                    Expiration Date: June 7, 2022

Assistant U.S. Attorney: Rodney H. Holmes           Defense Attorney: Michelle L. Monahan

---

## PETITIONING THE COURT

[X]   To issue a warrant

The probation officer believes that the offender has violated the following conditions of supervision:

**Violation Number**

Mandatory Condition No. 1: You must not commit another federal, state or local crime.

Standard Condition No. 10: You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

**Nature of Noncompliance**

According to St. Louis County, Missouri Police Department Investigative Report 21-39049, (received by the Probation Office on December 8, 2021) on October 7, 2021, law enforcement was dispatched to 9192 Vanity Fair Drive in reference to a Robbery that occurred at 2589 Tyrell Drive.  Two adult female victims advised that they had been robbed at 2589 Tyrell Drive at approximately 3:15pm that day and

that they had come to the current location after the incident, as they were scheduled for a meeting there. Both victims stated they were not injured.

Victim 1 stated that she is the landlord/owner of the Carmel Group LLC and that she was in their office with Victim 2 at 2589 Tyrell Drive, apartment A, when the incident occurred. Victim 1 stated that while they were in the office, a man entered through the front door and was holding a grey or silver colored handgun. The man immediately began pointing the handgun at both victims' heads and said "Gimme the fucking check or I'll blow your brains out". The man then grabbed a check from Victim 1's hands and left out of the office by the front door. The man then entered the driver's seat of a large black SUV and left the location. Victim 1 described the man and stated that she did not know who the man was when he entered but that she was advised by Vitim 2 that the man was Clyde Thomas Jr., who had applied to stay at the apartments but was denied. Victim 1 stated that the check was a US Bank check that Clyde had originally given with his application as a security deposit. However, Clyde had been called earlier to pick up the check as he would not be moving into an apartment. Victim 1 stated that she would have given Clyde the check after she verified his identity.

Victim 2, who is the property manager for the apartment complex, stated that she was in the office with Victim 1 when Clyde Thomas Jr. entered the office and pointed a grey handgun at both her and Victim 1's heads. She reported that Thomas said "Gimme the fucking check or I'll blow your brains out" then grabbed his check from Victim 1. Thomas then exited the building and got into the front seat of a black Chevrolet Suburban with Missouri State License Plate GF1F2L. The Suburban then left the location. Victim 2 stated that she had contacted Thomas by phone that morning and told him to come pick up his security deposit check from their office as his application was declined. She further stated that she had previously identified Thomas by his driver's license when he applied, and she confirmed that it was Thomas who came into the office. Victim 2 provided further identifying information on Thomas.

Thomas was listed as wanted for Robbery 1st Degree (Felony) by St. Louis County, Missouri, City of Jennings precinct, Missouri Police Department.

The black Chevrolet Suburban with Missouri License Plate GF1F2L identified in the police report has been observed by the probation officer at the offender's current approved residence, and a photo of same was taken at the offender's approved residence on October 7, 2021 during a home visit conducted by the probation officer.

**Violation Number**

Mandatory Condition No. 3: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**Nature of Noncompliance**

On July 22, 2021, Thomas participated in a random drug test, as required, which yielded a positive result for marijuana. Thomas admitted to using marijuana daily at the time of the drug test.

**Violation Number**

Standard Condition No. 5: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Nature of Noncompliance**

On August 8, 2021, the probation officer attempted to make home contact with Thomas at his approved residence. The current resident advised the probation officer that Thomas no longer lived at the residence.  The probation officer made telephone contact with Thomas on the same date, and Thomas advised that he was living at a different address and stated that he had forgotten to tell the probation officer that he moved.  Thomas did not provide the probation officer with the date of his change of residence.

**Violation Number**

Standard Condition No. 9: If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

**Nature of Noncompliance**

On May 11, 2021, the probation officer received notice of Thomas' wanted status relevant to a Property Damage 1st Degree (Felony) incident, which reportedly occurred on May 6, 2021.

When interviewed on May 12, 2021 regarding this incident, Thomas denied having engaged in any new criminal conduct.  Thomas did not provide a reason for failing to notify the probation officer of his contact with law enforcement within 72 hours as required.

**Violation Number**

Special Condition: You must participate in a substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

Special Condition: You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

**Nature of Noncompliance**

On August 23, 2021, Thomas failed to report for integrated treatment at Risse Counseling as required.

When interviewed on September 21, 2021 regarding this noncompliance, Thomas stated that he missed the treatment session due to working two different jobs and not having time for the appointment.

**Violation Number**

Special Condition: You must submit to substance abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods.

**Nature of Noncompliance**

On each June 12 and July 7, 2021, Thomas failed to report for random drug testing as required.

When interviewed on July 16, 2021 regarding this noncompliance, Thomas stated that he did not realize that he had missed drug tests.

On August 2, 2021, Thomas failed to report for random drug testing as required.

When interviewed on August 8, 2021 regarding this noncompliance, Thomas stated that he missed his drug test due to being busy with work.

On September 27, 2021, Thomas failed to report for random drug testing as required.

When interviewed on October 7, 2021 regarding this noncompliance, Thomas stated that he missed the drug test due to forgetting as a result of being so busy with work.

On each November 15, and December 1, 2021, Thomas failed to report for random drug testing as required.

When interviewed on December 8, 2021 regarding this noncompliance, Thomas stated that he missed his drug tests due to being too busy with work and stated that he had not seen any notifications on his phone regarding drug tests.

**Violation Number**

Special Condition (per consent modification dated May 3, 2021): You must participate in the Location Monitoring Program for a period of 14 days and shall abide by all technology requirements. As determined by the probation officer, you may be required to maintain a telephone at your place of residence without any service that would interfere with the operation of the location monitoring equipment for the above period. At the discretion of the probation officer, unless otherwise ordered by the Court, you may be required to wear a location monitoring device that may include Global Positioning System and/or Random Tracking. You must follow the location monitoring procedures specified by the probation office. You are restricted to your residence at all times, except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as preapproved by the officer (home detention).

**Nature of Noncompliance**

On May 6, 2021, Thomas left his approved residence without prior approval and traveled to unapproved locations.  When contacted by the location monitoring probation officer regarding this noncompliance, Thomas advised that he had to work but forgot to submit a schedule to his probation officer including same.

On each May 7 and May 8, 2021, Thomas traveled to multiple unapproved locations and failed to return to his approved residence at the required time.  On May 8, 2021, the location monitoring officer attempted to contact Thomas regarding this noncompliance to no avail.  When interviewed by the probation officer on May 10, 2021 regarding this noncompliance, Thomas stated that he has a lot of errands that he has to get done everyday and stated that the probation officer has his full compliance from that point on.

On each May 10 and May 12, 2021, Thomas traveled to multiple unapproved locations and failed to return to his approved residence at the required time.  When interviewed on June 1, 2021 regarding this noncompliance, Thomas apologized for his noncompliance.  No explanation as to the reason for the noncompliance was given.

**Previous Violations**

On December 18, 2020, the Court was notified regarding Thomas' noncompliance relative to illicit substance use, failure to report contact with law enforcement, failure to report for mental health and substance use treatment, and failure to report for drug testing.  Thomas was directed to engage in integrated treatment services and was issued verbal reprimands in response to this noncompliance.

On April 20, 2021, the Court was notified regarding Thomas' noncompliance relative to new criminal conduct, possession of a controlled substance, leaving the federal judicial district without approval, failure to contact the probation officer regarding contact with law enforcement, illicit substance use, failure to report for integrated treatment services, and failure to report for drug testing.  Thomas received verbal warnings and reprimands in response to this noncompliance, and Thomas' conditions were modified to include placement on location monitoring for a period of 14 days.

Clyde Anthony Thomas, Jr.
4:16CR00217-2 AGF

**U.S. Probation Officer Recommendation:** It is respectfully recommended that a warrant be issued for Thomas' arrest and that his term of supervised release be revoked.

Thomas has shown continued poor adjustment while on supervision as evidenced by his noncompliance relative to new criminal conduct, failure to report contact with law enforcement, failure to report change in residence, failure to report for integrated treatment, failure to report for drug testing, and illicit substance use. As a result, Thomas does not appear to be amenable to supervision in the community at this time and is a risk to the community.

The Supervised Release should be
  [X] revoked.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 10, 2021

Approved,

by *Jennifer Lee Parker*

Jennifer L. Parker
Supervising U.S. Probation Officer
Date: December 10, 2021

Respectfully submitted,

by *Julie Freeman*

Julie A. Freeman
U.S. Probation Officer
Date: December 10, 2021

THE COURT ORDERS:

☐ No Action
☒ The Issuance of a Warrant
☐ The Issuance of a Summons
      Appearance Date:
      Appearance Time:
      Courtroom Number:
☐ Other

*Audrey G. Fleissig*
Signature of Judicial Officer

December 10, 2021
Date